**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____ )
CHARLES B. RANGEL                              )
                                               )
                    Plaintiff,                 )
                                               )
        v.                                     )        Civil Action No. 1:13-cv-00540-JDB
                                               )
JOHN BOEHNER, et al.,                          )
                                               )
                    Defendants.                )
                                               )
_____ )

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO MOTION MADE UNDER
FRCP 16**

Several things, most respectfully, must be made clear:

(1) despite the RESPONSE received from Defendants, Plaintiff presses his motion for a just

and timely resolution;

(2) the complete arrogance marked by Defendants' RESPONSE is absolutely mind-boggling

when they fail to recognize that certain Members of the very Committee of the House

designated to ensure ethical behavior on the part of Members of the House allowed

themselves to be corrupted (not by money, of course) by misbehavior that would be

recognized as such by any student as being abhorrent to our system of government, which

is meant to ensure Due Process and the functioning of government through legitimate and

lawful processes;

(3) the FOREWORD to the Rules of the House Committee on Ethics specifically promised

that a Member whose matter is before the Committee can expect that the Adjudicatory

Subcommittee will make an impartial determination and a recommendation within a fair

procedural framework.  This was flagrantly violated – there can be no excuses justifying the wrongdoing - when only Republican Members (the words of the Chief Counsel to the Committee on Ethics denoting the very party affiliation of the offending congressmen) secretly met with errant Committee staff personnel and secretly received *incorrect* and purportedly correct information as to the substance of Plaintiff's matter which was not disclosed to other Members of the Committee or to Plaintiff.   A fair procedural framework, impartiality, Due Process satisfying the expectation which Plaintiff had a right to embrace would have been met if these certain congressmen rejected the overtures of the errant staff personnel, notified the Chair and Plaintiff of the wrongdoing that was afoot.   By waiting to disclose the wrongdoing until the next session of Congress, Committee Chief Counsel Chisam made it impossible for Plaintiff to seek redress from the Congress that had imposed discipline.  It is for the court alone in the final analysis to determine whether a knowing, intentional and willful violation of the Rules amounts to a deprivation of Due Process and provide a forum to redress the wrongs.

The Supreme Court has on at least three specific occasions, after declaring that there was misconduct by Defendants, required the Defendants in those cases to come forward with a remedy to right the wrong.   One cannot read Defendant Chisam's memoranda without realizing the machinations, meetings, late night rendezvous that bespeak of a clandestine conspiracy to destroy any semblance of impartiality on the part of the Republican Members.

One thing that is crystal clear is that the very essence of Due Process with respect to any fact finding determination by any tribunal or Body, is that there be an impartial

panel and this was, as discovery will most certainly establish, lacking, for the conduct of the offending congressmen establishes their partiality as a matter of law;

(4) to enable the Chair and the Ranking Member of the Committee to more than mislead Members of the House that Plaintiff's constitutional rights had been protected and the Rules complied with, Defendant Chisam, it is believed, purposefully undated his memoranda so that it would afford an opportunity to allow the Chair and Ranking Member to argue that they did not know of the wrongdoing at the time they misrepresented the state of the record to the House and the television public. Discovery, it is verily believed, will show that prior to the date of the Sanction Hearing, Defendant Chisam had conversations with the Chair and it is believed with the Ranking Member disclosing the enormous wrongdoing of constitutional dimension that occurred, but it was very important not to advise the Plaintiff or the viewing public;

(5) to this very day, years after discovery of these memoranda from Defendant Chisam, no one can sit comfortably assured that there is not greater, more serious wrongdoing than he disclosed, for he has specifically stated that he has set forth only some of the misconduct;

(6) the circumstances must have been serious indeed for Defendant Chisam to have written in one of his memoranda that he would have had to move to dismiss all proceedings against Plaintiff, had Plaintiff called a witness, but facts boldly showing a denial of Plaintiff's Due Process rights and his other fundamental constitutional rights were purposefully kept from Plaintiff;

(7) Due Process and fundamental fairness mandated that Plaintiff should have been notified at the earliest time that wrongdoing was afoot and, that would have been the very first

time that an improper approach was made to a Congressman sitting on the Adjudicatory Subcommittee hearing panel.  Defendants can argue and reargue and repeat that this is not a trial, and so it is not, but adherence to the Committee Rules and Due Process is mandated given the expectation that Plaintiff had a right to believe from the FOREWORD to the Rules themselves and the holdings of the Supreme Court.

One should not, it is respectfully submitted, protect the Defendants by finding that what they did was legitimate, lawful, investigative, legislative function falling within the Speech or Debate Clause.

With it all, I have hope that with a neutral magistrate, there may be a way to settle and dispose of this matter so that justice can be done.

For the foregoing reasons, Plaintiff's motion for Rule 16 relief should be granted and the matter should be set down for oral argument or at a time and place where the issues can be discussed before a judicial officer to the end that justice be done.


Respectfully submitted,

JAY GOLDBERG, P.C.

Dated: New York, NY
       October 28, 2013

By: */s/ Jay Goldberg*
JAY GOLDBERG, D.C. Bar #: NY0162
250 Park Avenue
Suite 2020
New York, NY 10177
office@JayGoldberg.com

## CERTIFICATE OF SERVICE

I certify that on October 28, 2013, I served the foregoing Plaintiff's Motion Under FRCP

16 by CM/ECF and by electronic mail, .pdf format, on the following:

Kerry W. Kircher
OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES
219 Cannon House Office Building
Washington, D.C. 20515
Kerry.Kircher@mail.house.gov
*Counsel for Defendants John A. Boehner, Karen L.*
*Hass, Jo Bonner, Zoe Lofgren, Michael T. McCaul,*
*K. Michael Conaway, Charles W. Dent, and*
*Gregg Harper*

John Faust
LAW OFFICE OF JOHN M. FAUST, PLLC
1325 G Street, N.W., Suite 500
Washington, D.C. 20005
John@johnfaustlaw.com
*Counsel for Defendant R. Blake Chisam*

Richard A. Sauber
ROBBINS, RUSSELL, ENGLERT, ORSECK,
    UNTEREINER & SAUBER LLP
1801 K Street, N.W., Suite 411L
Washington, D.C. 20006
rsauber@robbinsrussell.com
*Counsel for Defendants C. Morgan Kim and*
*Stacey Sovereign*

*/s/ Jay Goldberg*
Jay Goldberg